UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMIR BATISTA,

                Plaintiff,

          -v. -

DETECTIVE MICHAEL LECLAIR,
Shield No. 5045,

                Defendant.

17 Civ. 1994 (KPF)

ORDER GRANTING REQUEST
FOR *PRO BONO* COUNSEL

KATHERINE POLK FAILLA, District Judge:

Plaintiff has requested the appointment of *pro bono* counsel for the limited purpose of assisting him in ongoing settlement discussions in this case. (Dkt. #90). For the following reasons, Plaintiff's application is granted.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts

must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Based on its review of the docket and its discussions with Plaintiff, the Court understands that Plaintiff lacks funds to retain counsel, and qualifies for *in forma pauperis* status. The Court is also aware of Plaintiff's current incarceration, which has complicated efforts both to raise funds and to find an attorney.

As the parties are aware, in April 2020, the Court granted in part and denied in part Defendants' motion for summary judgment, leaving in place Plaintiff's claim that Defendant Leclair used excessive force on Plaintiff in deploying a taser against him on January 12, 2017. (Dkt. #86). As such, the Court has found that this claim of Plaintiff's is "likely to be of substance," *Hodge*, 802 F.2d 61-62, for the reasons set forth in its Opinion. The Court similarly finds that the relevant *Hodge* factors weigh in favor of granting Plaintiff's application. Following a telephonic conference with the parties after issuing the summary judgment decision, the Court referred the matter to Magistrate Judge Ona T. Wang for purposes of settlement. The Court now understands both from Plaintiff and from Judge Wang that these discussions would proceed more efficiently, and more fairly, if Plaintiff were to receive advice from *pro bono* counsel. In short, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for *pro bono* counsel for the limited purpose of settlement discussions is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. This Court will pause matters for 60 days, in order to see if counsel can be obtained. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and in such circumstances, Plaintiff would have to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 8, 2020
New York, New York

*Katherine Polk Failla*
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Shamir Batista
#18A3248
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821